UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRENCE CLAUDELL BAKER,**

      **Plaintiff,**

    v.                                                  Civil Action 2:25-cv-1052
                                                             Chief Judge Sarah D. Morrison
                                                             Magistrate Judge Chelsey M. Vascura

**CITY OF COLUMBUS, OHIO,**
*through its Division of Police, et al.*,

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Terrance Claudell Baker, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted and for lack of subject-matter jurisdiction.

I.       BACKGROUND

On July 11, 2024, Plaintiff's wife, Lindsey Baker, obtained an *ex parte* civil protection order ("CPO") against Plaintiff from the Court of Common Pleas for Franklin County, Ohio, Domestic Relations Division. Plaintiff alleges that the CPO proceedings were eventually merged into Plaintiff's divorce proceedings,[1] which Plaintiff contends made it difficult to determine whether deadlines were followed and if proper service of the CPO was obtained.

On December 2, 2024, Plaintiff was arrested for violating the CPO after attending a hearing in his divorce proceedings before Judge Leach at the Franklin County Court of Common Pleas. Plaintiff contends that the docket of his divorce proceedings reflects that he did not receive service of the CPO until December 3, 2024, the day after his arrest.[2]

Plaintiff was first charged with violating the CPO as a misdemeanor; prosecutors then opted to dismiss the misdemeanor case and bring felony charges against Plaintiff. Plaintiff complains of discovery deficiencies in the felony case both by his appointed public defender and by the prosecution. The felony case was voluntarily dismissed on February 10, 2025 because the prosecution was unable to locate the victim.

On July 23, 2025, Plaintiff was arrested for interference with child custody pursuant to a warrant, despite his children being located in a different state at the time. Plaintiff felt coerced into entering a plea of not guilty. It appears these criminal proceedings remain ongoing.

---

[1] The Court notes that this allegation is not borne out by the docket of Plaintiff's divorce case (No. 24 DR 000774); there is no reference to the CPO proceedings on that docket. This Court properly takes judicial notice of the state-court dockets relating to Plaintiff's divorce proceedings pursuant to Federal Rule of Evidence 201(b). *Cf. Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion [to dismiss], a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").

[2] Again, this allegation is not borne out by the divorce docket; that docket reflects that a "pleading" was served on Plaintiff on December 3, 2025, not any type of court order.

On September 14, 2025, Plaintiff called the Clerk's Office to inquire about discovery. The Clerk terminated the call, which Plaintiff alleges obstructed his access to court records.

Finally, Plaintiff alleges that throughout both arrests (for violation of the CPO and for interference with child custody), the State withheld evidence and improperly produced evidence of other crimes, wrongs, or acts in violation of Ohio Rule of Evidence 404(B).

Plaintiff sues the City of Columbus Police Department, the Franklin County Sheriff's Office, several Columbus and Franklin County law enforcement officers in their individual capacities, the Clerk of Court for the Municipal Court of Franklin County, Ohio, and the Jane Doe Clerk who terminated Plaintiff's telephone call. Plaintiff advances claims under 42 U.S.C. § 1983 for violation of his First, Fourth, and Fourteenth Amendments, as well as for malicious prosecution, Brady violation, and coercion/right to a fair trial. As relief, Plaintiff seeks compensatory and punitive damages, attorney's fees, and a declaration that the CPO is void *ab initio*. (Compl., ECF No. 1-1.)

## II. Standard of Review

### A. Failure to State a Claim

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

* * *

 (B) the action or appeal—

  (i) is frivolous or malicious; [or]

  (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

 Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

 Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not

"suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B.     Lack of Subject-Matter Jurisdiction**

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of some of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL

883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

### III.     ANALYSIS

Plaintiff cannot recover any of the relief he seeks. First, as Plaintiff is proceeding without the assistance of counsel, his claims for attorney's fees are not viable. *See Wright v. Crowell*, 674 F.2d 521, 522 (6th Cir. 1982) ("a pro se litigant is not entitled to an award of attorney fees under 42 U.S.C. § 1988.").

Second, his claim for declaratory relief—in the form of an order declaring the July 11, 2024 CPO void *ab initio*—is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (cleaned up). Because Plaintiff's injury stems from the entry of the CPO, which was entered by a state court, this Court lacks jurisdiction over Plaintiff's claims for declaratory relief.

6

Third, Plaintiff fails to state a claim against either the City of Columbus or Franklin County. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff alleges "[e]xecution of warrants and arrests without confirming service of orders reflects [an] unlawful policy/custom" on the part of the City of Columbus and/or Franklin County. (Compl. 4, ECF No. 1-1.) But Plaintiff offers no *facts* on which this Court could rely to plausibly infer that the individual law enforcement officers' allegedly unlawful conduct was the result of a city or county custom or policy (as opposed to the misconduct of an individual). That is, "[h]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a

7

claim for *Monell* liability because it was "simply too conclusory to survive"). Accordingly, any claims against the City of Columbus or Franklin County must be dismissed.

Fourth, Defendant Lori Tyack, Clerk of Court for Franklin County Municipal Court, is sued only in her official capacity, which means Plaintiff's claims against her fail for the same reasons. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But, as just discussed, Plaintiff has not stated a claim against the relevant entity (Franklin County). Nor are there any allegations that the Franklin County Municipal Court (as opposed to the Franklin County Court of Common Pleas) had any involvement in Plaintiff's CPO, arrests, or divorce proceedings. Plaintiff's claims against Lori Tyack must therefore be dismissed.

Fifth, as to the Jane Doe Clerk, Plaintiff alleges only that "[o]n Sept. 14, 2025, Plaintiff called Clerk's Office to inquire about discovery. Clerk terminated call, obstructing record access." (Compl. 3, ECF No. 1-1.) Construing Plaintiff's claim against Jane Doe Clerk as one for denial of access to courts under the First Amendment, Plaintiff's allegations fail to state a claim. To state a claim that for violation of that right, a plaintiff must allege "(1) a non-frivolous underlying claim; (2) obstructive actions by state actors; (3) substantial prejudice to the underlying claim that cannot be remedied by the state court; and (4) a request for relief which is now otherwise unattainable." *Jackson v. City of Cleveland*, 64 F.4th 736, 746 (6th Cir. 2023) (cleaned up). As to the third element, prejudice can be established, for example, by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff has alleged no such prejudice here resulting

8

from the termination of a single phone call to the Clerk's Office. Plaintiff's claims against Jane Doe Clerk must therefore be dismissed.

All that remains are Plaintiff's claims against four individual law enforcement officers: Columbus Police Department Officers John Klinebriel, Ashley Robinson, and Travis Runyon, and Franklin County Sheriff's Deputy Alexander Guzman. Plaintiff specifies that he sues these four Defendants only in their individual capacities. The only allegations Plaintiff makes concerning these Defendants is that "Officers Klinebriel, Robinson, and Runyon were directly involved in Plaintiff's arrests and investigations," and "Deputy Guzman participated in service/enforcement of civil orders." (Compl. 2, ECF No. 1-1.) But Plaintiff's Complaint does not plausibly suggest any constitutional violations with regard either to his arrests or service of civil orders. Plaintiff's only allegation concerning service of civil orders is that the CPO was served on December 3, 2024, the day after Plaintiff was arrested for violating the CPO. But as noted above, this assertion is contradicted by the docket on which Plaintiff relies. The docket reflects that a "pleading" was served on December 3, 2024, not any type of court order, let alone a civil protection order. (*See* Docket, Franklin County Common Pleas Case No. 24 DR 000774.) As a result, Plaintiff does not plausibly allege that he had not been served with the CPO at the time of his December 2, 2024 arrest, and therefore he has not plausibly alleged that his rights were violated by that arrest. Similarly, as to Plaintiff's arrest for custody interference, Plaintiff alleges only that the children in question were not present in his home at the time of his arrest. But this fact does not plausibly suggest that Plaintiff's arrest was not warranted on other grounds (such as conduct by Plaintiff prior to his arrest), meaning that Plaintiff has also not stated a claim that his rights were violated in connection with that arrest. Given that Plaintiff's allegations do not establish any violation of his rights with regard to service of the CPO or his arrests and

related investigations, the law enforcement officer Defendants' "involvement" or "participation" in those activities fail to state a claim. Plaintiff's claims against Defendants Klinebriel, Robinson, Runyon, and Guzman must therefore be dismissed.

## IV. DISPOSITION

For these reasons, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted and for lack of subject-matter jurisdiction.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE