UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRENCE CLAUDELL BAKER,**

    **Plaintiff,**

    v.                          Civil Action 2:25-cv-1052
                                  Chief Judge Sarah D. Morrison
                                  Magistrate Judge Chelsey M. Vascura

**CITY OF COLUMBUS, OHIO,**
  *through its Division of Police, et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Terrence Claudell Baker, an Ohio resident proceeding without the assistance of counsel, sues numerous Franklin County and City of Columbus officials under 42 U.S.C. § 1983 for violations of his constitutional rights in connections with various arrests and court proceedings. After screening Plaintiff's original Complaint under 28 U.S.C. § 1915(e)(2), the undersigned issued an Order and Report and Recommendation that granted Plaintiff's motion for leave to proceed *in forma pauperis*, but recommended dismissing Plaintiff's Complaint for failure to state a claim on which relief can be granted and for lack of subject-matter jurisdiction. (ECF No. 3.)

    Plaintiff did not object to that recommendation, but instead filed an Amended Complaint on October 20, 2025. (ECF No. 4.) As Plaintiff is permitted to amend his Complaint once as a matter of course under Federal Rule of Civil Procedure 15(a), Plaintiff's Amended Complaint became operative upon filing and supersedes his original Complaint. Accordingly, the undersigned's prior recommendation that Plaintiff's original Complaint be dismissed is

**VACATED** and this matter is before the Court for the initial screen of Plaintiff's Amended Complaint under § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the reasons below, it is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** for failure to state a claim under § 1915(e)(2).

## I.     BACKGROUND

On July 11, 2024, Plaintiff's wife, Lindsey Baker, obtained an *ex parte* civil protection order ("CPO") against Plaintiff from the Court of Common Pleas for Franklin County, Ohio, Domestic Relations Division. Plaintiff alleges that the CPO proceedings were eventually merged into Plaintiff's divorce proceedings,[1] which Plaintiff contends "blurred statutory timelines, obscured service records, and prejudiced Plaintiffs defense." (Am. Compl. ¶ 19, ECF No. 4.)

On December 2, 2024, Plaintiff was arrested for violating the CPO after attending a hearing in his divorce proceedings before Judge Leach at the Franklin County Court of Common Pleas. Plaintiff contends that the docket of his divorce proceedings reflects that he did not receive service of the CPO until December 3, 2024, the day after his arrest.[2]

Plaintiff was first charged with violating the CPO as a misdemeanor; prosecutors then opted to dismiss the misdemeanor case and bring felony charges against Plaintiff. Plaintiff

---

[1] The Court notes that this allegation is not borne out by the docket of Plaintiff's divorce case (No. 24 DR 000774); there is no reference to the CPO proceedings on that docket. This Court properly takes judicial notice of the state-court dockets relating to Plaintiff's divorce proceedings pursuant to Federal Rule of Evidence 201(b). *Cf. Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion [to dismiss], a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").

[2] Again, this allegation is not borne out by the divorce docket; that docket reflects that a "pleading" was served on Plaintiff on December 3, 2025, not any type of court order.

complains of discovery deficiencies in the felony case both by his appointed public defender and by the prosecution. The felony case was voluntarily dismissed.

On July 23, 2025, Plaintiff was arrested for interference with child custody pursuant to a warrant, despite his children being located in a different state at the time. Plaintiff felt coerced into entering a plea of not guilty. It appears these criminal proceedings remain ongoing.

On September 14, 2025, Plaintiff called the Clerk's Office to inquire about discovery. The Clerk terminated the call, which Plaintiff alleges obstructed his access to court records.

Finally, Plaintiff alleges that throughout both arrests and subsequent prosecutions (for violation of the CPO and for interference with child custody), the State withheld evidence and improperly produced evidence of other crimes, wrongs, or acts in violation of Ohio Rule of Evidence 404(B).

Plaintiff sues Franklin County and several of its departments, several Franklin County judges, several Sheriff's Department employees, several County commissioners, several County court employees, and several County probation employees, as well as the City of Columbus and its Mayor, Chief of Police, several police officers, and an attorney who notarized the warrant for Plaintiff's July 23, 2025 arrest. Plaintiff advances claims under 42 U.S.C. § 1983 for violation of his First, Fourth, Sixth, and Fourteenth Amendments, as well as for malicious prosecution and Brady violations. As relief, Plaintiff seeks compensatory and punitive damages, a declaration that the CPO is void, injunctive relief barring use of unsigned warrants and unserved orders, and attorney's fees. (Am. Compl., ECF No. 4.)

## II. STANDARD OF REVIEW

**A.  Failure to State a Claim**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In

3

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B.      Lack of Subject-Matter Jurisdiction**

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Amended Complaint, the

5

undersigned determines that it is unnecessary to consider the merits of some of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

### III.   ANALYSIS

Plaintiff cannot recover any of the relief he seeks.

**A.   Attorney's Fees**

As Plaintiff is proceeding without the assistance of counsel, his claim for attorney's fees is not viable. *See Wright v. Crowell*, 674 F.2d 521, 522 (6th Cir. 1982) ("a pro se litigant is not entitled to an award of attorney fees under 42 U.S.C. § 1988").

**B.   Declaratory Relief**

Plaintiff's claim for declaratory relief—in the form of an order declaring the July 11, 2024 CPO void—is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005).

"The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (cleaned up). Because Plaintiff's injury stems from the entry of the CPO, which was entered by a state court, this Court lacks jurisdiction over Plaintiff's claim for declaratory relief and it must therefore be dismissed.

**C.     Injunctive Relief**

Plaintiff is not entitled to any injunctive relief. "When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for preenforcement review." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). In other words, "[p]ast harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019). Plaintiff does not allege any ongoing or likely future violations of his constitutional rights. His claims for injunctive relief must therefore be dismissed.

**D.     Municipal Liability and Official-Capacity Claims**

Plaintiff fails to state a claim against either the City of Columbus, Franklin County, or any of their departments or agencies. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v.*

7

*City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff alleges in a conclusory manner that Franklin County and the City of Columbus maintained policies or customs of tolerating constitutional violations. (Am. Compl. ¶¶ 52–56, ECF No. 4.) In essence, Plaintiff asserts that every alleged act of wrongdoing by a County or City employee was taken pursuant to a municipal policy or custom. (*Id.*) But Plaintiff offers no *facts* on which this Court could rely to plausibly infer that the individual law enforcement officers' allegedly unlawful conduct was the result of a city or county custom or policy (as opposed to the misconduct of an individual). That is, "[h]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"). Accordingly, any claims against the City of Columbus or Franklin County (or any of their departments or agencies) must be dismissed.

    Similarly, any claims against City or County officials in their official capacities must be dismissed. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be

treated as a suit against the entity." *Ky. v. Graham*, 473 U.S. 159, 166 (1985). But, as just discussed, Plaintiff has not stated a claim against the relevant entities (Franklin County or the City of Columbus). Plaintiff's claims against any City or County officials in their official capacity must therefore be dismissed.

E.     **Individual-Capacity Claims for Damages**

All that remains are Plaintiff's claims for damages against individual Defendants in their individual capacities. But these claims, too, are not viable.

1.     **Judicial Defendants**

First, no matter how liberally the Court construes Plaintiff's Amended Complaint, Defendants Gwin, D'Varga, and Paley—all Franklin County municipal court judges—are entitled to absolute immunity from civil liability. Judges are entitled to absolute immunity from suit when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judges immune); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity overcome only if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"). Plaintiff's Amended Complaint contains no plausible allegations on which this Court could rely to conclude that the exceptions to judicial immunity apply to the state-court judges he names. Accordingly, Plaintiff's claims against the judicial Defendants must be dismissed.

2.     **Supervisory Defendants**

Plaintiff's claims against City of Columbus Mayor Ginther, Columbus Chief of Police Bryant, and Franklin County Sheriff Baldwin must be dismissed for failure to allege these Defendants' personal involvement in Plaintiff's injuries. To prevail on a § 1983 claim, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty.*

9

*Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To establish the second element, a plaintiff must show "personal involvement" by the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (cleaned up).

Plaintiff's allegations do not meet this standard. Plaintiff does not allege that Mayor Ginther, Chief Bryant, or Sheriff Baldwin were personally involved in the issuance or service of any orders or warrants or in any subsequent prosecutions. Plaintiff therefore does not plausibly allege that these supervisory Defendants implicitly authorized, approved, or knowingly acquiesced in their staff's allegedly unconstitutional conduct. Plaintiff's individual-capacity claims against the supervisory Defendants must therefore be dismissed.

### 3. Law Enforcement Officer Defendants

Plaintiff also fails to state a claim against Columbus Police Department Officers John Klinebriel, Ashley Robinson, Travis Runyon, M. Lemanski, and Adam Hicks or Franklin County Sheriff's Deputy Alexander Guzman. The only allegations Plaintiff makes concerning these Defendants is that they "participated directly in the investigations and/or arrests at issue." (Am. Compl. ¶ 10, ECF No. 4.) But Plaintiff's Amended Complaint does not plausibly suggest any constitutional violations with regard either to his arrests or investigations. Plaintiff alleges that the CPO was served on December 3, 2024, the day after Plaintiff was arrested for violating the CPO. But as noted above, this assertion is contradicted by the docket on which Plaintiff relies. The docket reflects that a "pleading" was served on December 3, 2024, not any type of court

order, let alone a civil protection order. (*See* Docket, Franklin County Common Pleas Case No. 24 DR 000774.) As a result, Plaintiff does not plausibly allege that he had not been served with the CPO at the time of his December 2, 2024 arrest, and therefore he has not plausibly alleged that his rights were violated by that arrest. Similarly, as to Plaintiff's arrest for custody interference, Plaintiff alleges only that the children in question were not present in his home at the time of his arrest. But this fact does not plausibly suggest that Plaintiff's arrest was not warranted on other grounds (such as conduct by Plaintiff prior to his arrest), meaning that Plaintiff has also not stated a claim that his rights were violated in connection with that arrest. Given that Plaintiff's allegations do not establish any violation of his rights with regard to his arrests and related investigations, the law enforcement officer Defendants' participation in those activities fail to state a claim. Plaintiff's claims against the individual law enforcement officer Defendants must therefore be dismissed.

4. **Probation Department Defendants**

Plaintiff alleges that the Director of the Franklin County Probation Department, as well as probation officer Heather [Last Name Unknown], enforced GPS restrictions during Plaintiff's pretrial release even though Plaintiff informed them that his guilty plea was coerced and that his arrest had been constitutionally invalid. But, as just discussed, Plaintiff has not plausibly alleged any constitutional violations with regard to his arrests. Moreover, the GPS restrictions were ordered by a state court as part of Plaintiff's bond conditions. *See* Franklin County Municipal Court, Case No. 2025 CR B 012130, July 25, 2025 Docket entry. Accordingly, the source of Plaintiff's injury regarding the enforcement of GPS restrictions is a state court order, and this Court lacks jurisdiction over Plaintiff's claims against the probation employees under the *Rooker-Feldman* doctrine discussed above.

### 5. Clerk's Office Defendants

Plaintiff also asserts claims against "Clerk's staff responsible for filing and docketing entries in Case Nos. 2024 CRB 012651 and 2025 CRB 012130," whose identities "will be identified in discovery." (Am. Compl. ¶ 8, ECF No. 4.) But the only allegation as to docketing in these criminal cases is that the docket for 24 CRB 012651 reflected a "missing compliance entry." (*Id.* at ¶ 36.) Plaintiff does not identify the substance of this missing entry nor any injury that he suffered as a result of its omission. Plaintiff asserts only that the missing entry "undermin[ed] docket integrity." *Id.* Liberally construing Plaintiff's allegations against these Clerk's Office employees as a claim for denial of access to courts under the First Amendment, Plaintiff's allegations do not suffice. To state a claim for violation of that right, a plaintiff must allege "(1) a non-frivolous underlying claim; (2) obstructive actions by state actors; (3) substantial prejudice to the underlying claim that cannot be remedied by the state court; and (4) a request for relief which is now otherwise unattainable." *Jackson v. City of Cleveland*, 64 F.4th 736, 746 (6th Cir. 2023) (cleaned up). As to the third element, prejudice can be established, for example, by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff has alleged no such prejudice here resulting from a missing docket entry. Plaintiff's claims against the Clerk's Office employees must therefore be dismissed.

### 6. Notary Defendant

Finally, Plaintiff alleges that Defendant Todd Parker is an attorney and notary who notarized affidavits and other filings supporting Plaintiff's July 23, 2025 arrest. (Am. Compl. ¶ 34, ECF No. 4.) As explained above, Plaintiff has not plausibly alleged any constitutional defect in his arrests; Mr. Parker's involvement as a notary in those arrests therefore cannot create liability under § 1983. Moreover, "[a] notary does not swear to the truth of the information in the

document being notarized." *Guerra v. Rodriguez*, No. CIV. 10-199-JGW, 2012 WL 208083, at *5 (E.D. Ky. Jan. 24, 2012) (quoting 1 Am. Jur. 2d *Acknowledgements* § 97 (2011)). Thus, even if the affidavits supporting the warrant for the July 23, 2025 arrest were false, no liability could attach to a notary, whose only duty is to verify the identity of the affiant before notarizing the affidavits. (*Id.*) Plaintiff has not alleged that Mr. Parker failed to verify the identity of the affiants before notarizing any documents. Therefore, Plaintiff's claims against Mr. Parker must be dismissed.

## IV. DISPOSITION

For these reasons, the portion of the undersigned's October 15, 2025 Order and Report and Recommendation (ECF No. 3) that recommended dismissal of Plaintiff's original Complaint is **VACATED**. For clarity, the portion of that Order and Report and Recommendation that granted Plaintiff's motion for leave to proceed *in forma pauperis* remains in effect. It is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED** for failure to state a claim and for lack of subject-matter jurisdiction under § 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                                         /s/ *Chelsey M. Vascura*
                                                                         CHELSEY M. VASCURA
                                                                          UNITED STATES MAGISTRATE JUDGE